IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROHAN L. FRAY,

                Petitioner,

v.

WARDEN E. EMMERICH,

                Respondent.

OPINION and ORDER

24-cv-838-jdp

---

Rohan L. Fray, proceeding without counsel, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Fray seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the Bureau of Prisons stripped him of his good-conduct time.

The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition if it plainly appears that Fray is not entitled to relief.

Fray alleges that he was given a disciplinary report for having a modified electrical outlet in his cell even though the modification was there before Fray was assigned to the cell and there was no evidence that Fray had anything to do with installing it. He says that he lost good-time credits as a result.

A disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present evidence in their defense; (3) a written statement

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases.

from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Because Fray says that there is no evidence supporting his guilt, I will allow him to proceed on a due process claim and I will direct service of the petition on respondent.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to send copies of this order and the petition for a writ of habeas corpus, Dkt. 1, to the warden at FCI-Oxford, the local United States Attorney, and the United States Attorney General by certified mail, in accordance with Federal Rule of Civil Procedure 4(i).

2. Respondent may have until April 28, 2025, to respond to the petition. Petitioner may have until May 12, 2025, to file a reply.

Entered March 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge